For plaintiff: Fergus J. McOsker.

For defendant: Charles R. Easton.

Garretson-Ellis Lumber Co.  
vs.  No. 73827  
Roger Laudati, Inc.

APRIL 2, 1929.

HAHN, J. Heard on defendant's motion for a new trial upon the usual grounds after verdict for plaintiff in the sum of $180.86.

This case was heard before Mr. Justice Frost, Justice of the District Court of the Seventh Judicial District, sitting by appointment of the Presiding Justice during the absence of a justice of this court. He was present at the argument of the motion for a new trial after the term for which he was appointed had expired but assisted the Court in the consideration of the questions involved, and the decision herein has been reached after conference with

Justice Frost and an examination of the record.

It appears that plaintiff sought to recover the sum of $271, the price of a shipment of pine bungalow siding sold from sample to the defendant. The lumber was a part of a larger shipment shipped from Oregon to Worcester, was unloaded at Worcester by the plaintiff, trucked to another car and thence shipped to the defendant at Providence.

The defendant inspected the lumber at its yard and claimed it to be not according to sample in that it was damaged by coal dust, contained split ends and was more or less warped, thereby making it unsaleable. The defendant further claimed that it had been unable to sell the lumber, because of its condition, with the exception of two thousand feet that was sold for a total of $70. The defendant claimed to have rescinded the contract and contended that it was liable only for the sum of $70, which sum it offered to pay to the plaintiff.

The case presented two main issues. (1) was the siding reasonably up to the standard of the sample; and (2) had the condition of the siding and the claim of the defendant relative thereto been made known to the plaintiff within a reasonable time following the receipt of the shipment.

Archie W. Brigham, an employee of the plaintiff in charge of less than cargo sales, testified that he personally supervised the unloading of the lumber at Worcester from the car to a truck and from this truck to another car billed for Providence. It appeared, however, that his supervision was directed particularly to the matter of counting the bundles and to seeing that they were properly tied.

Hugh Cairns, the plaintiff's selling agent in Providence and vicinity, testified through deposition that he inspected the lumber at the defendant's yard and that there was some coal dust and an occasional broken end. His testimony when read did not impress the Court that the lumber was free from the defects complained of by the defendant.

Roger Laudati, the president and treasurer of the defendant corporation, testified that he inspected the lumber the day after it arrived and that it was in bad condition. It also appeared that two thousand feet had been sold for a considerably reduced rate and that out of this amount the contractor was able to use but twelve hundred and fifty feet, and that since the siding had been placed on a house it had been necessary to remove much of it on account of its condition.

In my judgment the plaintiff did not sustain the burden of showing that the siding was reasonably up to the standard of the sample.

On the issue of whether timely notice of its rescission of the contract was given plaintiff by the defendant, the Court instructed the jury that under the circumstances presented it was for them to say whether the notice was seasonable. From the fact that they did not award the plaintiff the sum of $271 which was requested, less the sum of $14.24 freight charges which it was admitted could be deducted, it would appear that the jury either ignored this issue or found that the notice given by the defefndant was seasonable.

The verdict of the jury does not do justice to the parties on the basis of the evidence produced and is against the evidence and the weight thereof.

Defendant's motion for a new trial granted.

For plaintiff: E. C. Stiness, F. J. O'Brien.

For defendant: Tillinghast & Lynch, George F. Troy.